UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CLAYTON CANGELOSI** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 23-3133** |
| | * | |
| **JEFFERSON PARISH, ET AL** | * | **SECTION "L" (1)** |

## ORDER AND REASONS

Before this Court is a motion to dismiss filed jointly by Defendants Jefferson Parish, Jefferson Parish Council, and Jefferson Parish Councilman Byron Lee (the "Defendants"). R. Doc. 14. *Pro se* Plaintiff Clayton Cangelosi filed an opposition. R. Doc. 19. The Defendants replied. R. Doc. 20. Considering the record, briefing, and applicable law, the Court now rules as follows.

**I.     BACKGROUND**

On August 4, 2023, *pro se* Plaintiff Clayton Cangelosi filed his Complaint and Ex Parte/Consent Motion for Leave to Proceed *in forma pauperis*. R. Docs. 1, 2. After considering the duties imposed by 28 U.S.C. § 1915(e)(2)(B), the Magistrate granted Plaintiff's request and permitted him to proceed under *pauper* status. R. Doc. 3.

Plaintiff filed suit against Jefferson Parish, the Jefferson Parish Council, and Byron Lee in his official and private capacity as a Jefferson Parish Councilmember pursuant to 42 U.S.C. § 1983, alleging an "abuse of power" violation related to a Jefferson Parish council meeting that occurred on or about June 15, 2024. *Id.* At that meeting, Plaintiff claims that Councilman Lee, acting under the color of law, interrupted and verbally attacked him after he requested public records related to Lee's business dealings. *Id.* Plaintiff contends that this verbal attack was an improper abuse of power, and that Councilman Lee was retaliating against him for a legal

1

challenge Plaintiff made to a prior council permitting decision. *Id.* Plaintiff has also asserted a state law defamation claim against the Defendants. *Id.* He alleges that after the council meeting in question, Councilman Lee began to spread lies about the Plaintiff and continued to lie about denying him a permit to sell items in public. *Id.* Plaintiff requests this Court remove Councilman Lee from office, provide him a security detail at the expense of the Defendants, and grant him any other damages it deems appropriate. *Id.* at 6.

## II.     PRESENT MOTION

Defendants move jointly to dismiss Plaintiff's claims on several bases. R. Doc. 14-1. First, Defendants argue that Plaintiff fails the constitutional and jurisprudential tests for standing because he did not suffer an invasion of a concrete interest at the Jefferson Parish council meeting. *Id.* at 4-9. Second, Defendants argue that this Court does not have subject matter jurisdiction over Plaintiff's defamation claims as there is no federal question, no diversity of parties, and no amount in controversy. *Id.* at 9-10. Third, Defendants argue that Plaintiff's Complaint merely pleads conclusory allegations that do not set forth grounds for relief as required by Federal Rule of Civil Procedure 8. *Id.* at 10-27. Fourth, Defendants argue that Plaintiff is abusing his *in forma pauperis* status by filing multiple frivolous suits against the Defendants, mandating dismissal of all his claims pursuant to 28 U.S.C. § 1915(e)(2). *Id.* at 28-29. Lastly, Defendants argue that Plaintiff has failed to properly serve Councilman Lee in his personal capacity for over a year, which evidences his abandonment of his claims and makes this suit ripe for dismissal. *Id.* at 30-31.

Plaintiff opposes the motion. R. Doc. 19. First, he argues that he has standing because Councilman Lee improperly revoked his permit. *Id.* at 2. However, Plaintiff does not indicate when this action was taken. Second, Plaintiff argues that this Court has supplemental jurisdiction over his state law defamation claim. *Id.* at 3. Third, Plaintiff argues that he has plead specific factual

2

allegations that meet the pleading standard required by Rule 8(a). *Id.* Fourth, Plaintiff argues that his claim is not frivolous and should proceed without dismissal under § 1915(e)(2). *Id.* Lastly, Plaintiff argues that he has not abandoned his suit and requests that the Court allow him to demonstrate good cause as to any delay in service of his Complaint to the Defendants. *Id.*

In reply, the Defendants note that Plaintiff may not bring any previously adjudicated claims related to his revoked permits on the grounds of res judicata and largely reassert their arguments raised in their motion in support. R. Doc. 20.

### III. LAW AND ANALYSIS

#### A. Plaintiff May Not Re-raise Issues Already Adjudicated

As an initial matter, Plaintiff's Complaint and Opposition appear to incorporate facts related to a Jefferson Parish Council meeting that took place in February 2021 where Councilman Lee allegedly improperly revoked Plaintiff's permit to sell items in public. R. Doc. 1 at 3; R. Doc. 19 at 3. Any allegations related to Plaintiff's due process and freedom of speech being violated at this February 2021 council meeting have already been adjudicated and dismissed by both this Court and the 24th Judicial District Court for the Parish of Jefferson. *See Cangelosi v. Jefferson Par. et al*, 23-2305. If Plaintiff is attempting to resurrect the causes of action as pled in Case No. 23-2305 and his state lawsuit, the Court finds that he is barred from bringing any of these previously adjudicated claims. Thus, the Court will limit its focus to the events that took place at the June 2023 council meeting.

#### B. Plaintiff Does Not Have Standing to Bring His Abuse of Power and Defamation Claims

"Article III of the Constitution limits the jurisdiction of federal courts to 'actual cases or controversies between proper litigants.'" *Mendoza v. Perez*, 754 F.3d 1002, 1010 (D.C. Cir. 2014) (quoting *Fla. Audubon Soc'y v. Bentsen*, 94 F.3d 658, 661 (D.C. Cir. 1996) (en banc)). "No

principle is more fundamental to the judiciary's proper role in our system of government that the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Daimler Chrylser Corp. v. Cuno*, 547 U.S. 332, 341–42 (2006) (quoting *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 37 (1976)). The party invoking federal jurisdiction bears the burden of establishing it has standing to bring the claims it asserts. *See Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015). In order to establish standing, the party must: (1) have suffered an "injury in fact" or an imminent invasion of a legally protected concrete interest; (2) have a causal connection between the injury and the action of the defendants; and (3) it must be likely that a favorable decision by the court will redress the alleged injury. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). For instance, "even when the plaintiff has alleged redressable injury sufficient to meet the requirements of Art. III, the Court has refrained from adjudicating 'abstract questions of wide public significance' which amount to 'generalized grievances.'" *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 474–75 (1982) (citing *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). "Redressability is closely related to the requirement of a causal link between the threatened injury and the conduct to be modified by the relief claimed." *Ry. Lab. Execs. Ass'n v. Dole*, 760 F.2d 1021, 1023 (9th Cir. 1985). "When there is no realistic remedy available, there is no point in deciding the merits." *Young v. Klutznick*, 652 F.2d 617. 625 n.8 (6th Cir. 1981), *cert denied*, 455 U.S. 939 (1982).

Here, the purported basis for Plaintiff's "abuse of power" claim is that Councilman Lee interrupted and verbally attacked him at the June 2023 council meeting. This threadbare allegation, however, is insufficient for Plaintiff's claim to survive an Article III standing analysis. Notably, the Complaint fails to allege a particular injury-in-fact caused by Councilman Lee's actions, such as a limitation of Plaintiff's right to free speech. *See Lujan*, 504 U.S. at 561. Instead, the Complaint

4

indicates that Plaintiff was permitted to speak at the June 2023 meeting and allowed to finish his statement, even after Councilman Lee interrupted him. R. Doc. 1 at 2. Additionally, Plaintiff was not removed from the meeting and has not been banned from attending any future council meetings. *See id.*; R. Doc. 14 at 6. To the extent Plaintiff relies upon an improperly revoked permit as the alleged injury, the state court has already adjudicated that issue as stated above and found no constitutional violation. Accordingly, the Court finds Plaintiff's abuse of power claim is more appropriately characterized as a "generalized grievance," rather than a "redressable injury sufficient to meet the requirements of Art. III." *See Valley Forge Christian Coll.,* 454 U.S. at 474-75.

Plaintiff's defamation claim cannot satisfy a standing analysis for similar reasons. The Complaint again fails to identify a particular injury-in-fact associated with the alleged lies spread by Councilman Lee after their confrontation at the council meeting. *See Lujan*, 504 U.S. at 561; R. Doc. 1 at 4-5. For instance, there are no allegations that these lies caused Plaintiff any monetary loss or injury to his character. This lack of injury is even further supported by the fact that Plaintiff has only requested that Councilman Lee be removed from public office and monetary relief for a security detail, which would wholly fail to address any alleged harm caused by a defamation claim. *Id.* at 6.

Because Plaintiff has no standing, the Court does not reach the other grounds for dismissal asserted by the Defendants.

### IV.    CONCLUSION

**IT IS HEREBY ORDERED** that the Defendants' Motion to Dismiss, R. Doc. 14, is **GRANTED**, and Plaintiff's claims are **DISMISSED** with prejudice. Plaintiff does not have

standing to bring either of his claims because the Complaint fails to allege an injury that may be redressed by this Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Extension of Time to Answer, R. Doc. 16, is **DENIED** as **MOOT**.

New Orleans, Louisiana, this 22nd day of November, 2024.

_____
United States District Judge